IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD JEFFERIES, JR.                 :

                                        :

    v.                                 :   Civil Action No. DKC 13-1848
                                           Criminal No. DKC 12-0284

                                        :

UNITED STATES OF AMERICA                :

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Reginald Jefferies, Jr. ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 45).[1]  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6. For the following reasons, Petitioner's motion will be denied.

**I.  Background**

On April 4, 2012, Petitioner was charged by criminal complaint with multiple counts of fraud in connection with access devices and with causing interstate transportation of goods obtained by fraud.  (ECF No. 1).  The Federal Public Defender was appointed to represent Petitioner, with Assistant Federal Public Defender LaKeytria Felder appearing as counsel. (ECF Nos. 5, 7).  On May 18, Petitioner agreed to waive indictment and plead guilty to one count of fraud in connection

---

[1] All citations to electronic court filings refer to the docket in the criminal case.

with access devices (ECF No. 16 ¶ 1), and the government filed an Information charging Petitioner with one count of fraud in violation of 18 U.S.C. § 1029(a)(2) on May 23 (ECF No. 14). When Petitioner appeared for arraignment on July 19, the court suspended proceedings because it was not clear Petitioner was prepared to accept the plea. (ECF No. 18). Subsequently, Petitioner wrote a letter to the court requesting new counsel (ECF No. 19), and Joseph J. McCarthy was appointed to represent Petitioner (ECF Nos. 21, 23). Petitioner's arraignment was rescheduled and the speedy trial clock was tolled. (ECF No. 22).

On August 23, Petitioner waived indictment and pleaded guilty to the Information. (ECF No. 24). During the Rule 11 hearing, Petitioner was placed under oath, stated his desire to plead guilty, and confirmed his understanding of the litany of rights he would be required to waive. (ECF No. 49-3, at 3-4, 7-10). Petitioner stipulated that beginning on or about February 20, 2008, and continuing through on or about April 2, 2010, he obtained credit cards in his own name, added fictitious names as secondary users on the accounts, and then used the credit cards to order items from various merchants on installment payment plans. After Petitioner received the items, he reported the credit cards as lost or stolen. As a result, the credit card companies closed the accounts and issued new account numbers,

preventing the merchants from charging the cards for the subsequent installment payments that were due. Petitioner then sold the items he had purchased on installment plans on eBay. (ECF No. 26-1, at 1-3).

On October 31, Petitioner moved to withdraw his guilty plea. (ECF No. 29). At a motions hearing on November 29, Petitioner orally moved to withdraw the motion, and then requested additional time to reflect on his motion. (ECF No. 35). The hearing was continued until December 3, Petitioner's scheduled sentencing. (*Id.*). On December 3, the court denied Petitioner's motion to withdraw his guilty plea after hearing from the parties and sentenced Petitioner to 18 months imprisonment and three years of supervised release. (ECF Nos. 36, 39). The court ordered Petitioner to pay restitution of $187,881.88 and a special assessment of $100. (ECF No. 39).

Petitioner moved to correct his sentence on December 6, arguing that the amount of restitution due was incorrectly fixed. (ECF No. 41). The motion was denied following a hearing. (ECF No. 43).

Petitioner did not appeal. On June 24, 2013, he timely filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 45). The government opposed (ECF No. 49), and Petitioner filed a reply (ECF No. 50).

3

## II.  Standard of Review

Section 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]"  28 U.S.C. § 2255(a).  If the § 2255 motion, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied.  *See id.* § 2255(b).

## III. Analysis

Petitioner asserts claims for ineffective assistance of counsel based on nine grounds.  These are, briefly: (1) the alleged failure of both his attorneys to review and investigate his case before recommending that he enter a guilty plea; (2) his second attorney's alleged failure to argue for withdrawal of the plea or for probation; (3) his second attorney's failure to file a motion to reconsider; (4)-(5) the alleged failure of both his attorneys to investigate the grounds of the search warrant; (6) the alleged failure of both his attorneys to advise him of the rights he would give up by pleading guilty; (7) the alleged failure of his first attorney to inform Petitioner that the

4

judgment would be a matter of public record; (8) the alleged failure of the police department to return items seized in the search of his residence; and (9) the alleged failure of both his attorneys to inform him of his right to a grand jury indictment. (ECF No. 45, at 6-11).  In his reply, Petitioner additionally asserts that there was not a factual basis for the plea.  (*See* ECF No. 50, at 2-7, 9-11).

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  To prevail on a *Strickland* claim*,* the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice.  *See Strickland,* 466 U.S. at 688.

There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland,* 466 U.S. at 688–89; *Bunch v. Thompson,* 949 F.2d 1354, 1363 (4th Cir. 1991).  Courts must assess the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee,* 235 F.3d 897, 906 (4th Cir. 2000).  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct

5

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *See id.* at 697. To demonstrate actual prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore,* 562 U.S. 115, 132 (2011). Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

## A. Ineffective Assistance of Counsel Prior to the Plea

Petitioner raises a number of grounds for his ineffective assistance of counsel claim that were apparent at the time he entered his plea. Petitioner argues that both of his attorneys failed to review the discovery in his case sufficiently and

inquire into the probable cause for the search of his home. (ECF No. 45, at 6-10 (Grounds 1, 4-5)). He also alleges that Ms. Felder gave him incomplete advice when he asked if his guilty plea would be a matter of public record. (*Id.* at 11 (Ground 7)). Finally, Petitioner states that his attorneys failed to inform him of the rights he would give up by pleading guilty, including specifically the right to a grand jury indictment. (*Id.* at 10-11 (Grounds 6, 9)). The government argues that these issues were known before Petitioner entered his plea, at which time Petitioner stated that he was satisfied with his representation, and the court is therefore precluded from considering these claims. (ECF No. 49, at 9-10).

Petitioner's claims are belied by the record. "Absent extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005); *Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy"). Petitioner has not presented any extraordinary circumstances warranting relief. The Rule 11

7

colloquy demonstrates his satisfaction with the performance of his counsel; that he understood all of the consequences of his plea, including the rights he was giving up; that he was, in fact, guilty of every material element of the offense charged; and that he understood the charge against him and the potential sentence range.

During the Rule 11 proceeding on August 23, 2012, Petitioner stated under oath that he had met with Mr. McCarthy three times in the month since his appointment, that Mr. McCarthy had always had the time necessary to talk to him and had answered all of his questions, and that he was satisfied with the help he had provided.  (ECF No. 49-3, at 25:24-26:18). Noting possible reservation in Petitioner's answers, the court discussed many of the issues Petitioner raises in this motion with him before accepting the plea.   Petitioner raised his concern that his attorney had not sufficiently reviewed the discovery in his case and his concern about the government's search and seizure of his property.   (*Id.* at 27:13-19, 27:22-28:13, 31:5-24, 32:1-5, 33:23-35:1).   The court heard from Petitioner and his counsel (*see id.* at 27:22-36:24), after which Petitioner reaffirmed that he was satisfied with his counsel:

> Q. All right. Well, have you discussed these matters with Mr. McCarthy?
> A. Yes.
> Q. Are you satisfied with the answers he's given you?

```
A. Yes.
Q. You are?
A. Yes.
```

(*Id.* at 35:15-21).  Petitioner then reiterated that he wanted to

accept the plea:

> [Q.] But it is important that you have
> confidence, that you understand your rights,
> your options, and I cannot accept a guilty
> plea unless I conclude that it is your free
> and voluntary and knowing choice.
> A. No. *It's my free, voluntary choice.* I
> mean it's -- I mean, you know, I'm accepting
> the Plea Agreement, you know.
> Q. You are satisfied that pleading guilty to
> the offense in the Information is in your
> interest at this time?
> A. Yes.

(*Id.* at 36:17-37:3) (emphasis added).

Petitioner's claims that his attorneys failed to advise him

of the rights he would give up by pleading guilty are belied by

the signed plea agreement, which contains these rights.  (ECF

No. 26, at 2-3, 9; *see also* ECF No. 49-3, at 10:5-10).  Even if

true, this error was cured by the review of these rights during

the proceeding.   (ECF No. 49-3, at 7:5-9:25).   Petitioner

emphasizes that he did not understand his right to a grand jury

indictment (ECF No. 45, at 11), but he signed a written Waiver

of Indictment (ECF No. 25), the court explained Petitioner's

right to an indictment in detail, and Petitioner stated that he

understood this right and agreed to proceed on the criminal

Information (ECF No. 49-3, at 7:8-8:6).   He also acknowledged

that if the court accepted his guilty plea, there would be no
trial of the charge against him and, instead, a date for
sentencing would be set. (*Id.* at 10:1-4). Finally, the court
summarized the proceeding and asked Petitioner again to confirm
that he understood his rights and wanted to plead guilty:

> Q. All right. Mr. Jefferies, I'm going to
> ask you one more time. We've gone over
> today the charge, what the Government would
> have to have proven if the case were to go
> to trial, the sentencing structure, the
> statutory maximum, the guidelines, the terms
> of your Plea Agreement, but, most
> importantly, all of the rights that you are
> giving up by pleading guilty. Is it still
> your desire to plead guilty to this offense?
> A. Yes.

(*Id.* at 37:19-38:2). Petitioner is bound by these sworn
statements.

Petitioner has not explained how any of the alleged errors
would have affected the outcome of the case, and he cannot show
prejudice arising from any such errors in light of the
representations he made under oath. Any alleged errors by
Petitioner's first appointed counsel were cured by the
appointment of replacement counsel. *See, e.g.*, *Young v. United
States*, 405 F.2d 125, 126 (3$^{d}$ Cir. 1968) (holding that
appointment of new counsel for second motion to withdraw plea
cured any ineffective assistance of counsel error related to
first motion to withdraw plea). Petitioner's concerns regarding
his replacement counsel's representation were addressed at the

plea proceeding, after which Petitioner stated under oath that he was satisfied by his representation, and therefore he cannot raise these same issues as grounds for an ineffective assistance claim. *See Gao v. United States,* 375 F. Supp. 2d 456, 463-464 (E.D. Va. 2005) ("Because sworn statements made by a pleading defendant during a Rule 11 colloquy 'carry a strong presumption of verity' . . . petitioner's statements that she was satisfied with her attorneys' performance preclude consideration of any ineffective-assistance claim the grounds for which were apparent to petitioner at the time she entered her plea." (quoting *Lemaster*, 403 F.3d at 221-22)). Moreover, to the extent Petitioner is also attempting at this stage to challenge the search and seizure (*see* ECF No. 45, at 10), his claim is barred. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Finally, although Petitioner does not deny any of the facts to which he stipulated in the plea agreement, he now appears to argue that his plea lacked a factual basis and that his counsel

11

was ineffective because he withheld from Petitioner the "evidence" of the text of 18 U.S.C. § 1029.[2] (ECF No. 50 at 10; *see also id.* at 2-7, 9-11). At the Rule 11 proceeding, Petitioner heard and agreed to the elements of the offense and the stipulated facts, and stated under oath that he was guilty of the offense set forth in the Information. (ECF No. 49-3, at 18:13-20). The court found a factual basis for the plea (*id.* at 38:10-12), and Petitioner does not deny any of the stipulated facts. Petitioner's voluntary and intelligent guilty plea admitted the elements of the offense and foreclosed his right to challenge his conviction on the grounds that the factual basis was insufficient. *See United States v. Willis*, 992 F.2d 489, 489-90 (4th Cir. 1993).

---

[2] Petitioner's reply cannot state a new claim, but appears to question whether the facts to which he admitted constitute the use of an "access device." (*See, e.g.*, ECF No. 50, at 7, 10). Petitioner pled guilty to one count of fraud in violation of 18 U.S.C. § 1029(a)(2), agreeing that he "knowingly and with intent to defraud . . . use[d] one or more unauthorized access devices during any one-year period, and by such conduct obtain[ed] anything of value aggregating $1,000 or more during that period." (*See also* ECF No. 26, at 1). An "access device" is defined as "any card . . . or other means of account access that can be used . . . to obtain money, goods, services, or any other thing of value," such as a credit card. 18 U.S.C. § 1029(e)(1). An "unauthorized access device" is "any access device that is lost, stolen, expired, revoked, canceled, or *obtained with intent to defraud.*" *Id.* § 1029(e)(3) (emphasis added). Petitioner argues that he did not use a *stolen* credit card (ECF No. 26, at 10), but he stipulated that he obtained credit cards in his own name and under fictitious names with the intent to defraud (ECF No. 26-1, at 1).

Based on the foregoing, Petitioner has failed to demonstrate ineffective assistance of counsel on these bases.

**B.    Ineffective Assistance of Counsel Following the Plea**

Petitioner has also raised ineffective assistance of counsel claims on the grounds that his counsel failed to argue his motion to withdraw his guilty plea fully (ECF No. 45, at 8-9 (Ground 2)); failed to argue for probation at sentencing (*id.*); failed to file a motion to reconsider his sentence (*id.* at 9 (Ground 3)); and failed to assist him in securing the return of seized personal property (*id.* at 11 (Ground 8)).

**1.    Motion to Withdraw Guilty Plea**

More than two months after the plea was entered, Petitioner's counsel filed a motion to withdraw Petitioner's plea at his request. (ECF No. 29). Petitioner's argument for ineffective assistance is that his counsel did not put forth sufficient grounds for the motion for the plea to be withdrawn, and that his counsel asked Petitioner to explain his reasons to the court himself.

An attorney is not deficient for failing to present losing arguments or pursue a futile motion. *See Premo*, 562 U.S. at 123-24; *United States v. Tart*, No. 87-7331, 1989 WL 64120, at *2 (4th Cir. June 9, 1989) ("Trial counsel is not per se ineffective merely because he failed to file a particular motion allowed under the rules of criminal procedure."). The court had clearly

explained to Petitioner during the Rule 11 proceeding that he could not withdraw his plea, and Petitioner confirmed that he understood this.    (ECF No. 49-3, at 10:17–11:4, 37:4-12). Nevertheless, Petitioner's counsel did file the motion as Petitioner requested.   At the motion hearing, Petitioner raised many of the same concerns about his representation that had been discussed at the Rule 11 proceeding and that he raises in the instant motion. (*See* ECF No. 49-5, at 6:18-10:22).   The motion was denied because Petitioner had stated under oath that pleading guilty was his free and voluntary choice, and he presented no credible evidence that his plea was not knowing or voluntary.   (*Id.* at 10:23-13:22).   Petitioner has not shown ineffective assistance of counsel on this ground.

### 2.   Argument for Probation at Sentencing

Petitioner alleges that both of his attorneys agreed to argue for probation at sentencing or promised him that he would receive probation.   Petitioner also states that Mr. McCarthy told him that if he was not sentenced to probation, he would receive "no more than a couple of months." (ECF No. 45, at 9). As discussed above, to the extent that Petitioner's allegations regarding Ms. Felder are true and would constitute ineffective assistance, any such errors were cured by Mr. McCarthy's appointment.

Regardless of any advice counsel may have given, Petitioner was repeatedly made aware of the maximum sentence he faced—ten years in prison, three years on supervised release, a fine of up to $250,000, a special assessment of $100, and restitution—and of the recommended sentence under the guidelines. (*See* ECF Nos. 26, at 2-4; 49-3, at 6:13-7:4, 19:3-21:19). *See Smith v. United States*, No. RWT-13-1034, 2015 WL 2452416, at *2 (D.Md. May 19, 2015) ("One obvious reason that even a relatively severe miscalculation of sentencing exposure does not ordinarily constitute ineffective assistance of counsel in the context of a guilty plea is that any erroneous advice a defendant receives on sentencing exposure will get corrected prior to the acceptance of a guilty plea, either within the plea agreement itself, or at the very least during a properly conducted Rule 11 colloquy."). The plea agreement, signed by Petitioner, explains that the court has "the power to impose a sentence up to and including the statutory minimum established by statute." (ECF No. 26, at 8). At the Rule 11 hearing, the court clearly explained that Petitioner could be sentenced "anywhere from nothing up to the ten year statutory maximum, and [the court] will only make that decision after hearing fully from both sides." (ECF No. 49-3, at 21:20-23). Petitioner's argument that his counsel provided deficient representation in not arguing for probation at

sentencing is misplaced, because the sentencing determination remains with the judge.

In addition, Petitioner's counsel explained to him that he did not request probation because it would have been futile. (ECF No. 45, at 8-9). Counsel's judgment was not unreasonable. Petitioner's base offense level was 16 (21-27 months) (ECF No. 26, at 4), and because Petitioner attempted to withdraw his plea, the government opposed a three point reduction based on acceptance of responsibility and timely notification of intent to plead guilty (ECF No. 49-5, at 15:8-16:2). Petitioner's counsel instead argued successfully for a two point reduction by noting that Petitioner had accepted responsibility and never challenged his factual guilt, reducing the guideline range by six months. (*Id.* at 16:4-25, 17:14-18:16). Petitioner has not shown ineffective assistance of counsel.

### 3.   Motion to Reconsider Sentence

Finally, Petitioner has not made clear the grounds on which he wanted to move to reconsider his sentence, when he requested that Mr. McCarthy file such a motion, or how such a motion could have affected the outcome of his case. A motion to reconsider would likely have been futile, as the court's authority to modify a sentence is severely limited. *United States v. Layman,* 116 F.3d 105, 108 (4th Cir. 1997). In addition, Petitioner's counsel did in fact file a motion to correct the sentence

pursuant to Fed.R.Crim.P. 35(a), regarding the amount of restitution Petitioner owed. (ECF No. 41). The court held a hearing and denied that motion. (ECF No. 43). Petitioner's counsel was not ineffective for failing to file a motion to reconsider. *See also Premo*, 562 U.S. at 123-24; *Tart*, 1989 WL 64120, at *2.

### 4.   Return of Personal Property

Petitioner additionally claims ineffective assistance of counsel based on the alleged failure of the police department to return items seized in the search of his residence. This claim is not relevant to Petitioner's § 2255 motion. *See United States v. Belcher*, No. 1:10-CR-17, 2013 WL 317525, at *3 n.1 (W.D. Va. Jan. 28, 2013) (holding that petitioner's argument that personal property had not been returned had no bearing on § 2255 ineffective assistance of counsel claim).

Because Petitioner has failed to demonstrate any unprofessional errors by his counsel or prejudice resulting therefrom, his ineffective assistance claims cannot prevail.

### C.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the

17

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

## IV. Conclusion

For the foregoing reasons, Petitioner Reginald Jefferies, Jr.'s motion to vacate, set aside, or correct his sentence will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
